UNITED STATES DISTIRCT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVSION

| | |
|---|---|
| ANGELO YOUGHBOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 1:20-cv-2410 |
| | ) |
| LIBERTY MUTUAL | ) |
| GROUP INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Angelo Youghbor ("Youghbor"), by Counsel, brings this action against Defendant, Liberty Mutual Group Inc. ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et. seq., the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et. seq.,* the Age Discrimination in Employment Act of 1967 (ADEA), as amended 29 U.S.C. §621 *et. seq.*, and the Family and Medical leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et. seq.*

**II. PARTIES**

2. Youghbor is a resident of Hamilton County in the State of Indiana, who at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §12117; 42 U.S.C. §2000e-5(f)(3); 29 U.S.C. §621, and 29 U.S.C. §2617(4).

5. Defendant is an "employer" as that term is defined by 42 U.S.C§12111(5)(A), 42 U.S.C. §2000e(b), 29 U.S.C. §621, and 29 U.S.C. §2611(4).

6. Youghbor, at all relevant times, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

7. Youghbor was an "employee" as that term is defined by 42 U.S.C. §12111(4), 29 U.S.C. §621, and 42 U.S.C. §2000e(f).

8. Youghbor is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §12102(2) and 12111(8) and/or Defendant knew of Youghbor's disability.

9. Youghbor satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on his race, age and disability.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

11. Youghbor, African-American and over the age of forty, was hired by Respondent on or about May 11, 2010 in the Customer Service Department. He later spent five years as an Auto Adjuster and the last two years as a Bodily Injury Adjuster for Auto Claims.

12. At all relevant times, Youghbor met or exceeded Defendant's legitimate performance expectations.

13. In or about 2011, Youghbor started taking intermittent FMLA leave due to a serious health condition, which also amounted to a disability under the ADA. Defendant suffers from Gouty Arthritis, which during an episodic flare up causes swelling and severe pain in his joints, which fully incapacitates him.

14. In June 2019, Youghbor complained to Jennifer Irwin, his then supervisor, that he was being paid significantly less than his younger, Caucasian peers. Defendant did not investigate his complaints. Instead, it attempted to justify the disparate pay saying that everyone came in on their own merits. Yet, Youghbor had more seniority, more experience and more certifications than his peers, but was paid significantly less.

15. Moreover, Youghbor was denied the opportunity to advance to a Grade 12 or 13, which would have resulted in more pay. Again, younger, Caucasians, who were less senior and qualified, were promoted to higher grades ahead of Youghbor. Like the disparate pay, Youghbor complained that he was not being given the same opportunities to advance as similarly situated younger and/or Caucasian employees.

16. In June 2019, Youghbor disclosed to the Defendant that he was battling Alcoholism and requested an accommodation to be able to see a counselor for 2 hours per week, if he encountered stressful situations. Defendant approved his request.

17. At the same time, Youghbor's gouty arthritis grew worse and his episodes became more frequent and sometimes took two to three weeks to recover.

18. On or about September 19, 2019, Defendant terminated Youghbor's employment for alleged documentation issues. However, Defendant's 's stated reason is pretext for discrimination. Similarly situated individuals who documented the same as Defendant were not disciplined or terminated by Respondent.

## V. CAUSES OF ACTION

### COUNT I: RACE DISCRIMINATION

19. Youghbor hereby incorporates paragraphs one (1) through eighteen (18) of his Complaint as if the same were set forth at length herein.

20. Defendant discriminated against Youghbor based on his race.

21. Defendant's actions were intentional, willful, and in reckless disregard of Youghbor's rights as protected by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et. seq.*

22. Youghbor has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: RETALIATION

23. Youghbor hereby incorporates paragraphs one (1) through twenty-two (22) of his Complaint as if the same were set forth at length herein.

24. Youghbor engaged in a protected activity until Title VII and the ADEA.

25. Defendant terminated Youghbor's employment because he engaged in a protected activity.

26. Defendant's actions were intentional, willful, and in reckless disregard of Youghbor's rights as protected by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et. seq.* and the Age Discrimination in Employment Act.

27. Youghbor has suffered damages as a result of Defendant's actions.

## COUNT III: DISABILITY DISCRIMINATION

28. Youghbor hereby incorporates by reference paragraphs one (1) through twenty-seven (27) of his Complaint as if the same were set forth at length herein.

29. Defendant discriminated against Youghbor on the basis of his disability.

30. Defendant's actions were intentional, willful, and in reckless disregard of Youghbor's rights as protected by the Americans with Disabilities Act, as amended, 42 U.C.S. §1201 *et. seq.*

31. Youghbor has suffered damages as a result of Defendant's actions.

## COUNT IV: AGE DISCRIMINATION

32. Youghbor incorporates in paragraphs one (1) through thirty-one (31) of his Complaint as if the same were set forth at length herein.

33. Youghbor's age was a determining factor in Defendant's decision to fire him.

34. Defendant paid Youghbor less and terminated his employment due to his age.

35. Defendant knowingly and willfully discriminated against Youghbor on a basis of his age in violation of the ADEA.

## COUNT V. FMLA INTERFERENCE

36. Youghbor hereby incorporates by reference paragraphs one (1) through thirty-five (35) of his Complaint as if the same were set forth at length herein.

37. Defendant unlawfully interfered with the exercise of Youghbor's rights under the FMLA.

38. Defendant's actions were intentional, willful, and in reckless disregard of Youghbor's rights as protected by the FMLA.

39. Youghbor suffered damages as a result of Defendant's unlawful actions.

## COUNT VI. FMLA RETALIATION

40. Youghbor hereby incorporates by reference paragraphs one (1) through thirty-nine (39) of his Complaint as if the same were set forth at length herein.

41. Defendant retaliated against Youghbor for exercising his rights under the FMLA and for complaining about Defendant's interference with his rights.

42. Defendant's actions were intentional, willful, and in reckless disregard of Youghbor's rights as protected by the FMLA.

43. Youghbor suffered damages as a result of Defendant's unlawful actions.

## VII. REQUESTED RELIEF

WHEREFORE, Plaintiff, Angelo Youghbor, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race, age, and/or disability;

2. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award his front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay he would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff compensatory damages for Defendant's violations of Title VII and the ADA;

5. Award the Plaintiff punitive damages for Defendant's violations of Title VII and the ADA;

6. Award the Plaintiff liquidated damages for Defendant's violations of the ADEA and Family Medical Leave Act;

7. Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

8. Award the Plaintiff pre- and post-judgement interest on all sums recoverable; and

9. Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*
Biesecker Dutkanych & Macer LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-9765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Attorney for Plaintiff, Angelo Youghbor*

## DEMAND FOR JURY TRIAL

Plaintiff, Angelo Youghbor, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*
Biesecker Dutkanych & Macer LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991.9765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Attorney for Plaintiff, Angelo Youghbor*